IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM EDWARD LOWRY                   *

Petitioner                              *

v                                       *     Civil Action No. WMN-16-677

CLIFTON T. PERKINS HOSPITAL and         *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND                       *

Respondents                             *
                                     ***

## MEMORANDUM OPINION

In answer to the above-captioned Petition for Writ of Habeas Corpus, Respondents assert that the petition must be dismissed because Petitioner is lawfully confined, he has not named the proper Respondent, and has failed to exhaust state remedies. ECF 9. The petition shall be dismissed without prejudice for failure to exhaust state remedies.

Respondents offer the following background concerning Plaintiff's current confinement and state criminal convictions. In April of 2011, Petitioner was charged with indecent exposure, resisting arrest, and disorderly conduct in the Circuit Court for Harford County. He was found not competent to stand trial and the charges for indecent exposure and disorderly conduct were placed on the stet docket. The court imposed probation before judgment on the charge of resisting arrest. ECF 9 at Ex. 1, p. 5.

On October 11, 2012, the Maryland State Fire Marshall responded to a fire at Petitioner's home, where he had been evacuated. Upon questioning, Petitioner told firefighters he had set the fire himself "to rid the house of evil spirits." Petitioner was hospitalized at Bayview Medical Center and four days later was involuntarily committed to Sheppard Pratt Hospital. He was treated with Haldol, an anti-psychotic medication, to decrease his psychotic symptoms. ECF 9 at

Ex. 1, pp. 3 – 4.

Petitioner was discharged from Sheppard Pratt on November 2, 2012 and began outpatient treatment at a mental health treatment facility. His participation continued until March of 2014. *Id.* at pp. 4 – 5. On March 28, 2014, Petitioner was charged with exposing his genitals to children playing at a McDonald's restaurant. He remained confined in the Harford County Detention Center until April 30, 2014, when he entered an Alford plea and was found not criminally responsible for charges of arson in the first degree and was committed to the Maryland Department of Health and Mental Hygiene. *Id.* at p. 5, *see also* ECF 9 at Ex. 6. Petitioner's charges for indecent exposure occurring on March 28, 2014, are still pending and a hearing regarding his competency was scheduled for July of this year. ECF 9 at Ex. 2, p. 2.

Based on the verdict of not criminally responsible for the first degree arson charges, Petitioner remains confined at Clifton T. Perkins Hospital for treatment in accordance with Md. Crim. Proc., Code Ann. §3-112(a). *See* ECF 9 at Ex. 5 (pre-trial evaluation). In June of 2014, the Forensic Review Board at Perkins Hospital determined that Petitioner remains dangerous and requires hospitalization because of "active symptoms, lack of understanding of his need for long-term treatment, and his risk of violence in the community, history of treatment non-compliance and failure of court ordered treatment." *Id.* at Ex. 3. In September of 2015, Petitioner was the subject of a Clinical Review Panel proceeding following his refusal to voluntarily take medication to treat his bipolar disorder with psychotic features. *Id.* at Ex. 4. During that proceeding Petitioner maintained he no longer had bipolar disorder, that his psychiatrist was blackmailing him, and voiced persecutory delusions involving his psychiatrist, the pre-trial evaluator, and his attorney. *Id.* at p. 2.

Petitioner has not presented the claims asserted in the instant petition to the state courts.

Respondents state that, at the time the answer was filed, Petitioner had a motion pending in the Circuit Court for Harford County seeking to vacate the verdict in his arson conviction. ECF 9 at Ex. 7 and 8. That motion seeks to introduce "evidence" that Petitioner did not set the fire. *Id.* at Ex. 8.

The claims asserted in this Court, however, are more broad than the claim partially presented to the state court. Petitioner asserts: he was misguided by defense counsel; his Fifth and Fourteenth Amendment rights were violated; he was denied a jury trial and open court proceedings; and that defense counsel was misguided by the State's Attorney. ECF 1 at p. 6. None of these asserted claims have been presented to the state courts. When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-201 and § 12-301.

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. Md. Cts. & Jud. Proc. Code Ann., § 12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Cts.

& Jud. Proc. Code Ann., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. Md. Crim. Proc. Code Ann. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Cts. & Jud. Proc. Code Ann., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams, supra*.

Absent a showing that the claims asserted in the petition have been exhausted, this Court is without jurisdiction to rule on the merits of those claims. Thus, the instant petition must be dismissed without prejudice and a Certificate of Appealability declined by separate Order which follows.

/s/
William M. Nickerson
Senior United States District Judge

DATED: August 31, 2016